IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN KNOWLES, JOANNE KNOWLES, SCOTT STANKO, LISA STANKO, Plaintiffs | : : : : |
| vs. | : CIVIL NO. 1:CV-07-0677 : |
| DAVID FREED, GEORGE KELLY, Defendants | : : : |

*M E M O R A N D U M*

*I.   Introduction*

Plaintiffs John and Joanne Knowles and Scott and Lisa Stanko filed this lawsuit on April 10, 2007, pursuant to 42 U.S.C. § 1983 alleging that Defendants David Freed ("Freed") and George Kelly ("Kelly") violated their federal constitutional rights to free speech, to access the courts, and to be free of interference in one's familial relationship.  Freed is the District Attorney for Cumberland County, Pennsylvania, and Kelly is a member of the Pennsylvania State Police ("PSP"). Plaintiffs also include state-law claims for libel and defamation against Defendants.

We are considering Defendants' motion to dismiss the complaint, or in the alternative, Freed's motion for a more definite statement.  (docs. 6, 17).  Kelly argues that the complaint should be dismissed based on res judicata and the state-law claims should be dismissed because they are barred by

the Eleventh Amendment and state sovereign immunity.  (doc. 19, pp. 3-6).  Freed contends that he is entitled to absolute prosecutorial immunity, the doctrine of collateral estoppel precludes Plaintiffs from denying certain key facts, Plaintiffs' suit is time barred by the applicable statute of limitations, and Plaintiffs have not stated any valid constitutional claims.  (doc. 7, pp. 6-18).

*II.   Background*

Plaintiffs' lawsuit arises out of Defendants' alleged misconduct in an investigation into the sexual abuse of Plaintiffs' minor children at a school in Cumberland Valley School District and other locations.  Previously, plaintiffs filed a lawsuit, *K.K. ex rel. Knowles v. Weeks*, No.1: CV-04-2290, 2007 WL 1455888 (M.D. Pa. May 15, 2007) ("*Knowles I*"), on behalf of their minor children against various defendants, including Kelly, alleging violations of their federal constitutional rights due to the sexual abuse.  We granted summary judgment in *Knowles I* on May 15, 2007, to all named defendants, dismissed the claims against the unnamed defendants, and declined to exercise jurisdiction over the supplemental state-law claims.  *Id*. at *16.  During the period leading to the first lawsuit and this lawsuit, Freed was an assistant district attorney with the Cumberland County District Attorney's Office

2

and Kelly was with the PSP and assigned to investigate the abuse allegations.  *Id*. at *4.

Section 1983 provides a remedy against those who, under color of state law, deprive others of federally protected rights.  In the instant case, Plaintiffs allege that "they were unlawfully harassed and intimidated in violation of their 1st and 14th Amendment rights by the defendants." (doc. 1, ¶ 1). Freed and Kelly allegedly interfered with their efforts to "expose government policies and activities that are unlawfully designed and conducted to protect the reputation of school districts."  *Id*. ¶ 6.  This interference, Plaintiffs argue, violated their constitutional rights.  *Id*. ¶¶ 6-8.

*III. Discussion*

　　*A. Standard of Review*

In considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), we must accept as true any factual allegations in the complaint.  *Morrison v. Madison Dearborn Capital Partners III L.P.*, 463 F.3d 312, 314 (3d Cir. 2006). Although a court assumes all reasonable factual inferences in the light most favorable to the plaintiff, the court should reject "unsupported allegations," "bald assertions," or "legal conclusions."  *Buchanan v. Gay*, 491 F. Supp.2d 483, 491 (D. Del. 2007) (quoting *Amiot v. Kemper Ins. Co.*, 122 Fed. Appx. 577, 579 (3d Cir. 2004)).  We will grant the motion to dismiss if it is

3

clear that relief could not be granted under "any set of facts that could be proven consistent with the allegations." *Ramadan v. Chase Manhattan Corp.*, 229 F.3d 194, 195 (3d Cir. 2000) (quoting *Alexander v. Whitman*, 114 F.3d 1392, 1397-98 (3d Cir. 1997)).  In addition to the complaint, we may also consider documents attached to or referenced in the complaint, matters of public record, and indisputably authentic documents. *Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002).

Upon review of the briefs as well as the record, we will grant Defendants' motions to dismiss because a suit against Kelly is barred by the doctrine of res judicata and the applicable statute of limitations bars a suit against Freed. Additionally, we will decline jurisdiction over Plaintiffs' state-law claims.

*B.  Res Judicata Bars the Claims Against Kelly*

A party raising a res judicata defense bears the burden of proving that it applies. *United States v. Athlone Indus., Inc.*, 746 F.2d 977, 983 (3d Cir. 1984) (en banc) (citing *Davis v. United States Steel Supply*, 688 F.2d 166 (3d Cir. 1982) (en banc)).  Res judicata includes two preclusion concepts: issue preclusion and claim preclusion.  *Id*. at 983 n.4.

"The purpose of claim preclusion is to avoid piecemeal litigation of claims arising from the same events." *Churchill v. Star Enter.*, 183 F.3d 184, 194 (3d Cir. 1999).  The doctrine

4

operates by precluding "the parties or their privies from relitigating issues that were or could have been raised" in a prior action in which the court reached a final judgment on the merits. *Id*. Courts give dispositive effect to the prior judgment "if 'a particular issue, although not litigated, could have been raised in the earlier proceeding.'" *Id*. (quoting *Athlone*, 746 F.2d at 984). The "central purpose" of claim preclusion is to require a plaintiff to set forth all claims which arise out of the same occurrence in a single suit. *Churchill*, 183 F.3d at 194. Claim preclusion is applicable if there is: "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action." *Athlone*, 746 F.2d at 983.

In determining whether suits involve the same cause of action, we take a "broad view" and we may consider whether the acts complained of and the demand for relief are the same, whether the theory of recovery is the same, whether witnesses and documents necessary at trial are the same, and whether the material facts alleged are the same. *Id*. at 984 (citations omitted). "The requirement of an identity of causes of action refers not only to claims actually litigated, but includes all claims arising out of the same transaction or events which could have been litigated in the earlier proceeding." *Barrett v. McDanel*, No. 07-457, 2007 WL 2463403, at *2 (W.D. Pa. Aug. 27,

2007) (quoting *Bieg v. Hovnanian Enter.*, Civ. No. 98-5528, 1999 WL 1018578, at *3 (E.D. Pa. Nov. 9, 1999)).

Kelly argues that res judicata applies because all elements have been met. (doc. 19, pp. 3-4). He asserts that there was a final judgment on the merits in *Knowles I*, the parties are the same, and this suit is based on a similar cause of action. *Id*. In response, Plaintiffs argue that res judicata should not apply for two reasons. First, Plaintiffs state that *Knowles I* is "substantially different" than the instant suit because Kelly is the only common defendant. (doc. 21, p. 5). Second, Plaintiffs contend, without support, that the cause of action is different. *Id*.

We will dismiss Plaintiffs' claims against Kelly based on claim preclusion. First, there was a final judgment on the merits in *Knowles I* as we granted summary judgment in favor of Kelly. *See Marten v. Godwin*, 499 F.3d 290, 295 n.2 (3d Cir. 2007). Second, there was a final judgment between the same parties or their privies as Kelly was a defendant in *Knowles I* and he is named as a defendant here as well. Plaintiffs' claim that there were other, different parties in *Knowles I* ignores the fact that Kelly, who is asserting the res judicata defense, was a defendant in both lawsuits. *See Athlone*, 746 F.2d at 983 n.5.

The third portion of the claim preclusion test requires "a subsequent suit based on the same cause of action."

To make this evaluation, we must first identify Plaintiffs' precise claims because the complaint and Plaintiffs' briefs concerning the motion to dismiss do not the allege the same claims against Kelly.  In Plaintiffs' most recent brief (doc. 21), they instruct us to note that *Knowles I* involved claims for violation of their due process right to raise children without interference, and in this case the claims against Kelly are for "retaliatory treatment that they received . . . as a result of their First Amendment rights for making statements on matters of public concern."  *Id*. at 5.  Plaintiffs appear to argue only that their First Amendment rights were violated by the Defendants' alleged wrongful conduct in the investigation.  *Id*.  Plaintiffs instruct the Court that "Plaintiffs' [sic] claim that the defendants convinced witnesses to their claims of abuse and of the wrongful handling of the investigation to not speak to the Plaintiffs and to otherwise not associate with them due to the statements that were being made by the Plaintiffs that are constitutionally protected."  *Id*. at 6.

      Although Plaintiffs' brief in opposition to Kelly's motion to dismiss (doc. 21) explains that the action against Kelly is based only on First Amendment violations, their complaint (doc. 1) and their brief in opposition to Freed's motion to dismiss (doc. 16) state otherwise.  Plaintiffs' complaint alleges that both Freed and Kelly "acted to impede, denigrate and cover up an otherwise valid investigation into

unlawful activities in the Cumberland Valley schools affecting the plaintiff's [sic] children in violation of the plaintiffs' substantive due process rights." (doc. 1, ¶ 1). Additionally, Plaintiffs' brief in opposition to Freed's motion to dismiss asserts that they have an interest in "in their family relationships and in the well-being of their children" and "an interest in having a fair investigation done into the abuse against their children" but "due to the actions of the defendants the Plaintiffs were not provided with a fair investigation, which violated their rights to due process." (doc 16, p. 12).

With respect to the Fourteenth Amendment due process claims, in *Knowles I*, Plaintiffs made similar allegations and we granted Kelly's motion for summary judgment. *Weeks*, 2007 WL 1455888, at *14. The acts Plaintiffs complain of and the material facts alleged here are nearly identical to those in *Knowles I*. Plaintiffs' complaint in *Knowles I* alleged:

> George Kelly is a Pennsylvania State Police Officer who, upon information and belief, intentionally discouraged and sabotaged a proper investigation into the above-mentioned allegations intending to protect the Pennsylvania State Police and avoid embarrassment and liability on their part in a misguided betrayal of the public trust and his official duties.
>
> More specifically, the defendant Kelly, misled and lied to the parent plaintiffs in an effort to interfere with and destroy the relationship between them and their children who had been victimized by the other defendants in his efforts to skewer and

>           disrupt the investigation, particularly into
>           the police [o]fficer perpetrator . . . .

(No. 1:04-CV-2290, doc. 1, ¶¶ 10-11).  In this lawsuit, Plaintiffs' complaint alleges:

>           The defendant George Kelly was assigned as
>           an investigator on an underlying criminal
>           investigation into allegations that the
>           plaintiff's [sic] children were assaulted by
>           personnel within the Cumberland Valley
>           School System.

(doc. 1, ¶ 12).  Then, Plaintiffs allege the following:  Kelly knew about PSP's decision not to prosecute a certain officer who the Plaintiffs alleged abused their children in *Knowles I*, he knew that the PSP allowed this officer to retire with benefits, he knew that this officer was briefly suspended, and he knew that this officer was inspecting school buses on Cumberland Valley School District property.  *Id*. ¶¶ 13-16.  Plaintiffs also allege:

>           Upon information and belief Kelly not only
>           decided to do his best to not investigate
>           the plaintiff's [sic] complaints but he
>           acted to discourage and harm that
>           investigation to assure that it would not
>           favor the plaintiffs to avoid injuring
>           Cumberland Valley.

*Id*. ¶ 17.

    *Knowles I* alleged that Kelly discouraged and sabotaged the investigation and the present complaint does as well.  All the Plaintiffs have done in this second complaint is describe in further detail how Kelly allegedly did this.  We find that the acts complained of and the material facts alleged from *Knowles I*

9

and the present lawsuit are nearly the same.  Therefore, claim preclusion forecloses these claims.

Claim preclusion bars Plaintiffs' First Amendment claims as well.  Plaintiffs' complaint appears to allege that Kelly's actions in attempting to thwart the investigation were undertaken to "obstruct the plaintiffs in the exercise of 1st Amendment rights."  (doc. 1, ¶¶ 27, 29).  In their brief opposing Kelly's motion to dismiss, Plaintiffs argue that the claims against Kelly in this lawsuit are different than those in *Knowles I* because they "are for retaliatory treatment that they received from defendant Kelly . . . as a result of their First Amendment rights for making statements on matters of public concern."  (doc. 21, p. 5).

Claim preclusion requires us to consider whether these First Amendment claims were or could have been raised in *Knowles I*.  As noted, we take a "broad view" of the doctrine and its purpose of requiring a plaintiff to present all claims arising out of the same occurrence in one lawsuit.  *Churchill*, 183 F.3d at 194.  We may consider whether the acts complained of and demand for relief are the same, whether the theory of recovery is the same, whether witnesses and documents which would be required at trial would be the same, and whether the material facts alleged are the same.  *Athlone*, 746 F.2d. at 984.  Simply relying on different statutes or asserting a different theory of recovery does not constitute a different cause of action.  *Id*.

10

We conclude that the First Amendment claims should have been raised in *Knowles I*. As with the substantive due process claims, there was a final judgment on the merits in *Knowles I* involving Kelly. With respect to the cause of action, we conclude that the underlying events in *Knowles I* and this lawsuit are the same. In *Knowles I*, Plaintiffs alleged that Kelly engaged in misconduct during his investigation of the abuse allegations in an attempt to sabotage the investigation. (No. 1:04-CV-2290, doc. 1, ¶¶ 10-11). Plaintiffs alleged that Kelly did this "in an effort to interfere with and destroy the relationship" between the parents and their children as well as to protect the PSP trooper accused of engaging in some of the abuse. *Id*. ¶¶ 11, 12. In this lawsuit, Plaintiffs make the same allegations about Kelly's handling of the investigation, but they provide slightly more detail about the misconduct and claim that Kelly acted based on different motivations. *See* doc. 1, ¶¶ 17, 27.

While the instant suit alleges the same misconduct by Kelly, it provides two new reasons for Kelly's motivation to do so. These reasons--Kelly's desire to protect Cumberland Valley and to retaliate for Plaintiffs' assertion of First Amendment rights--do not overcome "the essential similarity of the underlying events giving rise to the various legal claims." *Athlone*, 746 F.2d at 983. Both *Knowles I* and this suit allege that Kelly's misconduct in handling the school abuse allegations

11

gave rise to violations of Plaintiffs' federal constitutional rights. Plaintiffs' current claims would require the same witnesses and evidence as their claims in *Knowles I*. As the thrust of the claims in *Knowles I* and the present case are practically identical, we conclude that these claims were available to Plaintiffs in *Knowles I* and should have been raised at that time. Having failed to do so, Plaintiffs are precluded from raising them at this time.

> *C. The Statute of Limitations Bars the Claims Against Freed*

For claims brought under 42 U.S.C. § 1983, federal courts must apply the statute of limitations for analogous state actions. *Urrutia v. Harrisburg County Police Dep't*, 91 F.3d 451, 457 n.9 (3d Cir. 1996). Section 1983 claims are analogous to personal injury tort actions and are subject to the state statute of limitation governing such claims. *287 Corporate Ctr. Assocs. v. Township of Bridgewater*, 101 F.3d 320, 323 (3d Cir. 1996).

In Pennsylvania, there is a two-year statute of limitation on personal injury claims.  42 Pa. Cons. Stat. § 5524(2). Pursuant to federal law, a § 1983 claim accrues when the plaintiff knows or has reason to know of the injury forming the basis of an action under § 1983. *Montgomery v. De Simone*, 159 F.3d 120, 126 (3d Cir. 1998). Here, Plaintiffs' claims

against Freed are subject to a two-year limitation based on when they knew or should have known of the alleged misconduct.[1]

In this suit, Plaintiffs allege that Freed violated their First and Fourteenth Amendment rights.  Plaintiffs claim that "Freed participated in the cover-up of wrongdoings by a person hired into the CV system who had stalked and threatened to kill another teacher with whom he was infatuated." (doc. 1, ¶ 21).  Plaintiffs then assert that this "conduct of Freed indicates a pattern of manipulating his official badge of authority to protect CV and its public image, at the expense of other citizens . . . ." *Id.* ¶ 22.  Plaintiffs also accuse Freed of advising unidentified persons to avoid and not cooperate with the Plaintiffs during the investigation, failing to contact federal authorities about the investigation, acting in a "protective" manner toward a defendant in the first lawsuit, and failing to elicit the proper information from a group of persons during the investigation.  *Id*. ¶¶ 23-30.

Plaintiffs do not allege exactly when Freed committed these acts.  They do, however, explain that "defendant David Freed was, at the times complained of herein, an assistant district attorney with the Cumberland County District Attorney's Office." *Id*. ¶ 10.  Freed became an assistant district attorney in the Cumberland County District Attorney's Office in 2001, and

---

[1] We note that Plaintiffs' claims against Kelly are also subject to a two-year limitation but will not address this issue because of our finding that res judicata bars the claims against him.

13

was sworn in as the Cumberland County District Attorney on January 1, 2006.  Therefore, the Plaintiffs' suit must have arisen out of events that occurred during the time that Freed was an assistant district attorney: from 2001 to December 31, 2005.  Freed argues that latest that the alleged events could have occurred is during 2003.  (doc. 7, pp. 11-12).  Freed relies on this Court's description of his involvement in the summary judgment motion to discern when the alleged events occurred and concludes that because there are "no factual averments showing activity after April, 10, 2005," the claims against Freed should be dismissed as falling outside of the two-year statute of limitations.  *Id*.

The Plaintiffs do not dispute Freed's calculation of the time frame of Freed's purported misconduct.  Instead, Plaintiffs argue that the complaint meets the two-year limitation because Freed had a "continued obligation . . . to conduct an investigation into the allegations of abuse" and his "conduct cannot be restricted to the [sic] 2003." (doc. 16, p. 8).  Plaintiffs do not cite to any case to support this "continued obligation" theory nor do they explain why Freed's conduct cannot or should not be restricted to 2003.

There is a continuing wrong doctrine in which "a federal cause of action based upon the defendant's continuing conduct is timely provided that the last act of that continuing conduct is within the period for the commencement of an action

14

specified by the statute of limitations." *Sameric Corp. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998). We will not apply this doctrine here, however, because Plaintiffs do not allege that Freed's conduct occurred within the two-year limitation nor do they allege that any of Freed's misconduct began within the period and continued. Instead, Plaintiffs rely on Freed's "continued obligation . . . to conduct an investigation into the allegations of abuse." (doc. 16, p. 8). We reject Plaintiffs' unsupported claim that Freed had a continued obligation to investigate the abuse from 2003 until some unspecified time in the future. Plaintiffs filed their complaint on April 10, 2007, and in order for their § 1983 claim to be within the two-year statute of limitations, Freed's action must have occurred after April 10, 2005. Plaintiffs do not aver that any of Freed's actions took place during this time frame, nor do they dispute Freed's contention that the alleged events happened in 2003. Accordingly, we hold that Plaintiffs' claims are barred by the two-year statute of limitations.[2]

---

[2] Because we hold that the statute of limitations bars an action against Freed, it is unnecessary for us to address Freed's other defenses. *See Cito v. Bridgewater Township Police Dep't*, 892 F.2d 23, 24 n.2 (3d Cir. 1989). Additionally, while we recognize that district courts should, sua sponte, allow a civil rights plaintiff an opportunity to amend a complaint before dismissing it, *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 251 (3d Cir. 2007), it would be futile to do so here because we are dismissing Plaintiffs' claims on res judicata and statute of limitations grounds.

15

*D.   Supplemental State-Law Claims*

We decline jurisdiction over Plaintiffs' state-law claims based on our dismissal of the federal claims against Freed and Kelly.  *See United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S. Ct. 1130, 16 L.Ed.2d 218 (1966); 28 U.S.C. § 1367(c)(3).

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: December 3, 2007

```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


JOHN KNOWLES, JOANNE KNOWLES,  :
SCOTT STANKO, LISA STANKO,
         Plaintiffs            :

                               :
         vs.                            CIVIL NO. 1:CV-07-0677
                               :

DAVID FREED,                   :
GEORGE KELLY,
         Defendants            :
```

*O R D E R*

AND NOW, this 3rd day of December, 2007, upon consideration of Defendant David Freed's and Defendant George Kelly's motions to dismiss (docs. 6, 17), and pursuant to the accompanying Memorandum, it is ordered that:

    1. Defendant David Freed's motion to dismiss is granted;

    2. Defendant George Kelly's motion to dismiss is granted;

    3. Plaintiffs' state-law claims are dismissed;

    4. The Clerk of Court shall close this file.

                                          /s/William W. Caldwell
                                          William W. Caldwell
                                          United States District Judge